UNITED STATES SECURITIES AND EXCHANGE COMMISSION, Applicant,

v.

Kenneth L. LAY, Respondent.

No. MIS.NO.03–1962.

United States District Court, District of Columbia.

Nov. 7, 2003.

DAvid Peter Bloch, Luis R. Mejia, Securities and Exchange Commission, Washington, DC, for Applicant.

Earl J. Silbert, Piper Rudnick LLP, Washington, DC, for Respondent.

### STIPULATION AND ORDER REQUIRING PRODUCTION OF RECORDS

LAMBERTH, District Judge.

The Securities and Exchange Commission ("SEC") having moved for an order requiring Respondent Kenneth L. Lay ("Lay") to comply with a subpoena for documents issued on January 2, 2002 and served by the Commission on Lay, Lay having opposed the motion, and the SEC and Lay, having reached agreement, it is hereby stipulated and agreed by the SEC and Lay, by their undersigned counsel, that:

1. Lay shall produce all documents called for in the subpoena previously withheld from the SEC based on Fifth Amendment grounds, without redactions.

2. By this production Lay will designate and produce documents as corporate records, and shall not assert at any time that any of these documents are personal records.

3. The SEC shall not assert at any time that any of the documents designated and produced by Lay as corporate records are personal records.

4. By this production Lay will designate and produce documents as personal records.

5. The SEC may use all documents produced by Lay and any leads derived therefrom, directly or indirectly, for any law-enforcement purpose, including in any future action or proceeding it may bring against Lay, subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence (and *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988) as it pertains to corporate records). Lay shall not assert the Fifth Amendment as a basis to exclude the admission into evidence of all documents or the use of all documents in pre-trial proceedings or for any other law-enforcement purpose of the SEC. Further, Lay shall not assert at any time for any purpose that the SEC's use of the documents, directly or indirectly, violated any Fifth Amendment rights Lay may possess, and Lay shall not make such an assertion as a basis to dismiss any future SEC action or proceeding or any other action or proceeding against Lay.

6. Lay has no individual Fifth Amendment act of production privilege with re-

spect to both the corporate and personal documents he is designating and producing to the SEC. Lay also has no Fifth Amendment rights as to the content of the documents because the content was not compelled by the government, *see United States v. Hubbell,* 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000).

7. Production of all documents to the SEC in response to the subpoena does not waive any Fifth Amendment rights Lay otherwise may have and the SEC will not assert that it does.

8. This Stipulation and Order may be used and enforced in any law-enforcement action or proceeding brought by the SEC. In any such proceeding, neither Lay nor the SEC shall assert that the Stipulation and Order is not valid or applicable based on jurisdictional or any other grounds.

9. Lay shall produce to the SEC within three days after entry of this Order all documents requested by the subpoena that he has withheld from the Commission on the basis of the Fifth Amendment. The production shall be accompanied by a cover letter which specifies by bates numbers those documents designated corporate records and those documents designated as personal records.

**SO ORDERED.**